# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELYAKIM ELDAD LIEBER,AM, | Case No. CV 21-8058 FMO (AFMx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| EPIC AVIATION CONSULTING, LLC, et al., | |
| Defendants. | |

Plaintiff Elyakim Eldad Lieberman ("plaintiff") filed his complaint on October 8, 2021. (Dkt. 1, Complaint). By order dated December 13, 2021, plaintiff was ordered to show cause why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 13, Court's Order of December 13, 2021 (OSC")). After plaintiff filed a response, the court continued the OSC. On January 21, 2022, plaintiff filed a motion seeking an order allowing service on defendants by publication, (Dkt. 22), which the court denied on February 16, 2022. (See Dkt. 24, Court's Order of February 16, 2022, at 3). The court continued the OSC and granted plaintiff until March 8, 2022, to file a proof of service demonstrating service of the summons and complaint on defendants or a renewed motion. (Id.). Plaintiff was admonished that "[f]ailure to file the proof of service or renewed motion by the deadline shall result in the dismissal of the action and/or the defendant that has not appeared in the case and for which plaintiff has not filed a proof of service." Id. (citing Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct.

1386, 1388 (1962)).  As of the date of this Order, plaintiff has not filed a proof of service or renewed motion.  (See, generally, docket).

      Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (same).

      Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and to comply with the Court's Order of February 16, 2022 (Dkt. 24), is appropriate.

      Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of the court.
Dated this 29th day of March, 2022.

                                                  /s/
                                   Fernando M. Olguin
                                 United States District Judge